Harold Tessler, J.
Defendant moves for leave to reargue its cross motion to dismiss the complaint for lack of prosecution “ on the ground that [the] motion was improperly denied by the Court for defendant’s non-compliance with Rule 3216 of the CPLR when such compliance was in fact not necessary”.
The basis for this motion is the decision by the Appellate Division, First Department, in Mulinos v. Coliseum Constr. Corp. (22 A D 2d 163). (See, also, Salama v. Cohen, 23 A D 2d 482; cf. Brown v. Weissberg, 22 A D 2d 282.)
The record on appeal in Mulinos discloses the following pertinent facts. The accident giving rise to the action occurred on May 1, 1957. A summons was served on December 16, 1957; a complaint, on January 27, 1958; and an answer, on February 12,1958. A note of issue was filed on June 26,1964. Defendant’s notice of motion to dismiss for lack of prosecution was dated August 3, 1964, made returnable on August 25, 1964, but not submitted to the court until October 1, 1964, after the effective date of the amendment to CPLR 3216. Special Term denied the motion on the ground that a note of issue had recently been filed and added that defendant had not complied with 3216 as recently amended.
The Appellate Division reversed, assuming that Special Term was correct to the extent that the amendment to 3216 was in effect at the time the motion was submitted, but holding (p. 164) that the amendment “ has no application and makes no change in the law in situations not based upon a failure to file or serve a note of issue ” and that when a note of issue has been filed, as *1037 it was there, it would be an obvious futility to serve a demand for its service.
Issue in the instant action was joined on May 2, 1955 and a note of issue had not been filed as of the time when defendant made its cross motion to dismiss the complaint for lack of prosecution. In its original decision, this court denied the cross motion on the ground that defendant had failed to serve the written demand required by 3216.
The question is whether the complaint in this action may properly be dismissed in the absence of defendant’s compliance with the 45-day demand provision which the Legislature added to 3216 by chapter 974 of the Laws of 1964, effective September 1.
Prior to that amendment, plaintiffs offered many varied excuses for their failure to notice their actions for trial, excuses which were consistently rejected by the appellate courts. At that time, the prevailing philosophy was that the duty to proceed diligently was that of the plaintiff who had instituted the action and that it was no excuse that a defendant had not moved to dismiss for lack of prosecution until after the Statute of Limitations had expired or that he had suffered no prejudice by plaintiff’s delay. This view, of course, could and at times unquestionably did result unfavorably to plaintiffs’ attorneys where the delay in prosecution was attributable to them rather than to their clients.
It is well known that plaintiffs’ attorneys tried for years to obtain relief from the prevailing situation, efforts which were generally assumed to have been rewarded in 1964 by the amendment to 3216. As interpreted by Professor Siegel in his excellent commentary (McKinney’s Consol. Laws of N. Y., Book 7B, CPLR, 1964 Pocket Part), “ The 1964 amendment of 3216 gives plaintiff a chance to get his case moving before the defendant is allowed to make the 3216 motion” (p. 79); and “Regardless of when issue was joined, the defendant may not make a 3216 motion until he has served a 45-day ‘ demand ’ on the plaintiff ’ ’ (p. 81). (Emphasis supplied.)
The court believes that interpretation to be correct. True, the first sentence of the amendment to 3216 limits the words “ No such motion ” (i.e., to dismiss where a party unreasonably neglects to proceed in the action) by the words “ based upon the failure of the plaintiff to serve and file a note of issue ”, but in the pre-note-of-issue stage a plaintiff’s neglect to proceed in an action is almost invariably his failure to serve and file a note of issue. (Of. CPLR 3012, subd. [b].) And even in the post-note-of-issue stage, as in Mulinos, it is plaintiff’s pre-note-of *1038 issue neglect upon which defendant is basing his motion, to dismiss. In both situations, plaintiff’s neglect in prosecution, whether for 1 year or 10 years and by whatever name called, consists of his failure to place his action on the calendar. ,
That such is the true basis for dismissal is indicated in a very recent decision by the Appellate Division, First Department. (Keglovits v. City of N. Y23 A D 2d 743.) There, a personal injury action was commenced in April, 1961 and issue joined in October, 1961. By order dated May 12, 1964, Special Term denied the motion to dismiss for lack of prosecution. The Appellate Division reversed, stating in crucial part that ‘ ‘ There were no proceedings thereafter [i.e., after Oct., 1961] looking toward the trial of the action ” and that “ No satisfactory excuse has been presented for plaintiff’s inordinate delay of upwards of two years in filing a note of issue.” (Emphasis supplied.) The court also noted that “ The motion was submitted and decided at Special Term prior to the 1964 amendment to CPLB 3216 (L. 1964, ch. 974, eff. S.ept. 1, 1964) and said amendment constituted no constraint upon the court in the exercise of its discretion in the premises. (See Teto v. Fleet Chevrolet Corp., 22 A D 2d 672.) ” On this latter point, the Appellate Division, Second Department, has expressed a contrary view. (Dooley v. Gray, 22 A D 2d 791 [Nov. 2, 1964].)
Mulinos, in the opinion of this court, effects a judicial repeal of the 1964 amendment to 3216. By that amendment, the Legislature in effect declared that a defendant could no longer sit back and wait until the Statute of Limitations had expired before moving to dismiss a complaint for plaintiff’s failure to serve and file a note of issue. The Legislature imposed upon a defendant the affirmative duty of giving plaintiff written notice that unless he placed the action on the calendar within 45 days after service of that notice, a motion would be made to dismiss the complaint for lack of prosecution. Mulinos would seem to place a defendant in an even better position than he was in before the amendment to 3216. Bare indeed were the cases in the pre-amendment period where a defendant obtained a dismissal of a complaint for lack of prosecution after a note of issue had been served and filed unless plaintiff’s belated activity was in fact triggered by defendant’s motion or a threat thereof. And even in those rare cases it was plaintiff’s pre-note-of-issue neglect upon which the dismissal was based. In view of the result which this court believes was sought to be achieved by the legislative amendment to CPLB 3216, even those rare cases have been overruled.
*1039 It seems unnecessary to express the deep respect that this court has for the Appellate Division, First Department, as well as for the other Justices who have expressed views contrary to those expressed herein. Nevertheless, this court reaches the result it does because it believes it to be required by the legislative intent manifested in the amendment to CPLR 3216 and because it knows of no decision by the Appellate Division, Second Department, passing upon the question.
Accordingly, defendant’s motion for leave to reargue is granted and upon reargument the original determination is adhered to.